UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ex rel ) | | |
| HEALTH DIMENSIONS ) | | |
| REHABILITATION, INC., ) | | |
| ) | | |
| Plaintiff, ) | | |
| ) | | |
| vs. ) | Case No. 4:12CV00848 AGF | |
| ) | | |
| REHABCARE GROUP, INC.; ) | | |
| REHABCARE GROUP EAST, INC.; ) | | |
| REHAB SYSTEMS OF MISSOURI; and ) | | |
| HEALTH SYSTEMS, INC., ) | | |
| ) | | |
| Defendants. ) | | |

## MEMORANDUM AND ORDER

This *qui tam* action is before the Court on the cross motions for a protective order filed by the United States (Doc. No. 137); Defendants Rehab Group, Inc., and Rehab Care Group East, Inc. (jointly, "RehabCare") (Doc. No. 142); and Defendants Rehab Systems of Missouri and Health Systems, Inc. (Doc. No. 143).   Also before the Court is the motion of the United States to compel more complete responses to nine Requests for Admissions (Doc. No. 150).

## BACKGROUND

The case involves claims brought by Relator Health Dimensions Rehabilitation, Inc., in which the Government later intervened, alleging fraudulent payments and kickbacks by Defendants in their capacity as providers of physical, occupational, and speech therapy services at nursing homes in Missouri.   In its pre-intervention

1

investigation, the United States subpoenaed and received approximately 400,000 pages from Defendants (approximately 400,000 pages from the two RehabCare Defendants and 1,100 pages from the other two Defendants).   Defendants labeled all the documents "Highly Confidential" and the United States agreed not to share the documents with Relator, which both sides recognize is a direct business competitor of Defendants.

While the parties present different versions of their past discussions and agreements concerning the confidentiality of the documents produced, both sides now agree that a formal protective order is appropriate in the case.   The disagreement centers largely on the access to be given to Relator to confidential information.   The United States proposes a two-tiered approach to confidentiality, with "Confidential Information" kept under seal but disclosed to a group of individuals (e.g., attorneys, witnesses, court personnel) including Relator's CEO, Mark Esseling, and "Highly Confidential Information" only disclosed to the same group except Mr. Esseling.   The protective order proposed by the United States defines "Confidential Information" as "trade secrets or information whose confidentiality is otherwise protected by applicable law"; and "Highly Confidential Information" as information whose disclosure would result in "substantial and immediate competitive harm."   (Doc. No. 140-1.)

The United States also asks the Court to order Defendants to redesignate as either nonconfidential, "Confidential" or "Highly Confidential" all the documents previously produced, and that the protective order provide for compulsory sanctions if the Court finds that designations of "Highly Confidential" are not made in good faith.   The United States

2

maintains that Relator is a real party-in-interest in this action and that Relator's ability to participate in the action must not be unduly hampered.

Defendants seek to limit access by Relator=s CEO not only to information that might cause Defendants *immediate* competitive harm, but also to information that might cause them competitive *long term* harm. They posit that the United States, and not Relator, is the real party in interest in the case. Accordingly, Defendants propose a one-tier system of confidentiality that allows Relator's counsel, but not its businesspeople, access to all "Confidential Information" produced by Defendants. Defendants also maintain that the protective order should not require the Court to impose automatic sanctions; rather, the matter should be left to the Court's discretion.

The RehabCare Defendants offer to do a "rolling" review of all documents previously produced to determine if the confidential designation can be removed, and to have this process completed by the time dispositive motions need to be filed. The other two Defendants maintain that the documents previously produced were appropriately labeled confidential.

The parties also disagree on the number of days prior to disclosure of confidential information to a competitor that notice must be given by counsel to the opposing party. Defendants propose an 11-day period, in accordance with this District's Form Protective Order, Local Rules App. A. The United States wishes to reduce the notification period to five days. In addition, Defendants would like the definition of competitor in this regard to include employees or agents of, or consultants to a competitor, as stated in the Form Protective Order, and not just employees of a competitor, as the United States proposes.

Lastly, Defendants object to the provision in the United States's proposed protective order that upon termination of the lawsuit, the United States is not obligated to return confidential documents "to the extent that returning them would contradict the United States's statutory obligations for document retention under the Freedom of Information Act . . . and any other applicable Department of Justice records retention policies." Defendants maintain that this provision has no place in the protective order.

## **DISCUSSION**

Federal Rule of Civil Procedure 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required. *Roberts v. Shawnee Mission Ford, Inc.*, 352 F.3d 358, 362 (8th Cir. 2003) (citation omitted).   Upon review of the record and the parties= arguments, the Court concludes that the two-tier confidentiality approach is appropriate in this case.   The Court agrees with Defendants, however, that the definition of "Highly Confidential Information" should be expanded to cover information that can cause "competitive harm," and not limited only to immediate competitive harm.   Those documents would not be provided to Relator's CEO, but would rather be limited to Relator's counsel.

The Court also agrees with Defendants that a mandatory imposition of sanctions is inappropriate.   Should the issue of bad faith designation of documents arise, the matter can be dealt with at that time.   And the Court believes that the standard 11-day notice provision and the inclusive definition of competitor in paragraph 6 of Defendants' proposed protective order should apply.

With regard to the review and redesignation of documents previously designated as "Highly Confidential" by Defendants, all Defendants shall engage in such a review in a timely fashion and shall redesignate documents as appropriate, with the process completed at least four weeks prior to the date that case dispositive motions are due.   The provision for the return of confidential information upon termination of this action shall follow paragraph 12 of Defendants' proposed protective order, but shall provide that the United States shall have 14 days from the termination of the action to petition for leave to retain documents in order to comply with its FOIA or other obligations.

With regard to the motion to compel, the Court finds that the requests are sufficiently clear to allow Defendants to provide complete responses, and that the requests are not premature.

## **CONCLUSION**

**IT IS HEREBY ORDERED** that the parties' cross motions for a protective order are **GRANTED** in part and **DENIED** in part.   (Doc. Nos. 139, 142, and 143.)

**IT IS FURTHER ORDERED** that the RehabCare Defendants shall draft a new proposed protective order encompassing the above rulings, and, on or before December 14, 2012, shall provide said draft to the other parties for review.   On or before December 21, 2012, the RehabCare Defendants shall submit a new proposed protective order to the Court.

**IT IS FURTHER ORDERED** that Plaintiff=s motion (Doc. No. 150) to compel more complete responses to nine Requests for Admissions is **GRANTED**.   Defendants

5

are ordered to provide, within ten days of the date of this Order, responses to the nine Requests for Admissions at issue.

**IT IS FURTHER ORDERED** that the time to designate experts in this case shall be extended by one week.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 29th day of November, 2012.