UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ex rel HEALTH DIMENSIONS REHABILITATION, INC., | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 4:12CV00848 AGF |
| REHABCARE GROUP, INC.; REHABCARE GROUP EAST, INC.; REHAB SYSTEMS OF MISSOURI; and HEALTH SYSTEMS, INC., | ) ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the motion (Doc. No. 161) of Defendants Rehab Systems of Missouri ("RSM") and Health Systems, Inc. ("HSI") seeking to compel the Government to provide them with adequate responses to Interrogatory Requests 3 and 5 of their joint First Set of Interrogatories. For the reasons set forth below, this motion shall be granted.

**BACKGROUND**

The case involves *qui tam* claims brought by Relator Health Dimensions Rehabilitation, Inc., in which the Government later intervened, alleging fraudulent payments and kickbacks by four Defendants in their capacities as providers of physical, occupational, and speech therapy, nursing home management, and therapy contracting

services at nursing homes in Missouri. The Government alleges that the two non-moving Defendants (jointly referred to herein as "RehabCare") entered into an arrangement with RSM, pursuant to which RehabCare provided RSM with a $600,000 upfront payment and agreed to give RSM a lucrative contract in exchange for RSM and HSI directing therapy referrals to RehabCare. The Government further alleges that, under the contract, RSM was guaranteed a portion of RehabCare's revenue generated from the referrals, and that RSM made thousands of referrals to RehabCare.

The Interrogatories and Responses at issue are, in relevant part, as follows:

**Interrogatory Request 3**: "Identify the individual(s) who received the remuneration that the Government here contends violated the Anti-Kickback Statute (42 U.S.C. § 1320a-7b(b))."

**RESPONSE**: "this interrogatory suggests a contention that is contrary to the Government's actual contentions. The Government contends that corporate entities received the remuneration. The owners and/or shareholders of the companies profited as a result of the remuneration."

**Interrogatory Request 5**: "Identify the individual(s) who made referrals to RehabCare that the Government contends violated the Anti-Kickback Statute (42 U.S.C. § 1320a-7b(b))."

**RESPONSE**: "[P]ursuant to Rule 33(d), the United States will electronically produce claims data and cost reports responsive to this request. The burden of deriving or ascertaining the answer to this interrogatory from those files is the same for Defendants as it is for the United States."

(Doc. No. 162-1 at 7, Doc. No. 162-2 at 7-9.)

RSM argues that while the Government alleges that corporate entities received the illegal remuneration and made the illegal referrals, a violation of the Anti-Kickback Statute requires knowing and willful action, which necessarily must be carried out by individuals. RSM further contends that the claims data the Government references in its

2

response to Interrogatory Request 5 would not provide the requested information. RSM asserts that if the Government cannot answer these questions, the case should be dismissed under Federal Rule of Civil Procedure 9(b) for failure to state a claim with particularity.

The Government responds that based on its underlying theory of the case – that corporate entities violated the Anti-Kickback Statute and that corporate entities, not individuals, are liable under the False Claims Act – it has sufficiently answered the two Interrogatories at issue. Specifically addressing its response to Interrogatory Request 3, the Government references its Response to Defendants' Motion to Dismiss, which states that RSM, as a corporate entity, violated the Anti-Kickback Statute by receiving improper remuneration from RehabCare and that the three owners of RSM received the value of the kickbacks. In addition, the Government asserts that RSM's use of a discovery motion to raise grounds for dismissal is misplaced.

## DISCUSSION

*United States ex. rel. Pogue v. Diabetes Treatment Centers of America, Inc.*, 235 F.R.D. 521 (D.D.C. 2006), relied upon by RSM and HSI, is instructive in the present interrogatory dispute. In *Pogue*, a *qui tam* action was filed under the False Claims Act against a healthcare corporation, Diabetes Treatment Centers of America, Inc. ("DTCA"), for causing false Medicare and Medicaid claims to be submitted by paying illegal kickbacks to physicians in return for patient referrals.

During discovery, DTCA filed a motion to compel responses to interrogatories, one of which mirrored Interrogatory Request 3 in the present action. The Court rejected

the Relator's arguments that: he answered the interrogatory by a statement of his allegation of corporate wrongdoing; the interrogatory could be answered by DTCA; and the interrogatory sought protected work product. The Court found "no legitimate problem with the information sought by" the interrogatory. *Id.* at 524. Furthermore, the Court held that the plaintiff could not "rely on his statement that he has answered the interrogatory with his . . . restatement of the allegation. This vague statement is wholly inadequate to satisfy Rule 33's directive that interrogatories 'shall be answered separately and fully in writing.' FED. R. CIV. P. 33(b)(1)." *Id.* Another interrogatory in dispute in *Pogue* was similar to Interrogatory Request 5 in the present action and sought identification of those who received illegal compensation in exchange for referrals. Once again, the *Pogue* Court found the interrogatory to be proper. *Id.* at 526.

The Government attempts to distinguish *Pogue* from the present action on the ground that the allegation in *Pogue* was that a corporation paid 276 physicians in order to obtain referrals, whereas, in this case, the allegation is that a single corporation, RSM, received kickbacks. However the Court's reasoning in *Pogue* does not rely upon the number of alleged recipients of kickbacks. Therefore, *Pogue* provides persuasive guidance to the dispute at hand. Providing the names sought will not undermine the Government's theory of the case. The Court notes that a Protective Order has been entered in this case, permitting the parties to designate information as confidential or highly confidential.

## **CONCLUSION**

The Court finds that cause exists to grant RSM and HSI's motion to compel.

4

Accordingly,

**IT IS HEREBY ORDERED** that RSM and HSI's Motion (Doc. No. 161) to Compel Adequate Responses to Interrogatory Requests 3 and 5 is **GRANTED**. The Government shall fully respond to these Interrogatories within ten days of the date of this Memorandum and Order.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 4th day of March, 2013.