UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ex rel. HEALTH DIMENSIONS REHABILITATION, INC., | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 4:12CV00848 AGF |
| REHABCARE GROUP, INC.; REHAB SYSTEMS OF MISSOURI; HEALTH SYSTEMS, INC.; and REHABCARE GROUP EAST, INC.; | ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the Government's motion to strike the affirmative defenses of laches, waiver, and estoppel (or unclean hands) asserted by the four Defendants in this case.  Relator Health Dimensions Rehabilitation, Inc., brought this action, in which the Government later intervened, under the False Claims Act, 31 U.S.C. § 3729, et seq. ("FCA"), alleging that Defendants submitted or caused to be submitted to the United States false claims for payment under the Medicare and/or Medicaid programs, as the result of an illegal kickback scheme.

The Government argues that the above affirmative defenses should be stricken from Defendants' answers because (1) as a matter of law, these defenses may not be asserted against the United States; and (2) Defendants have failed to plead any factual support to put the Government and Relator on notice of the nature of Defendants' theories as to these

affirmative defenses, in accordance with the standard in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), for stating a claim for relief. Defendants concede that the affirmative defense of laches cannot be asserted against the Government, and withdraw that defense. (Doc. No. 219 at 5 n.2; Doc. No. 250 at 4 n.3.) They argue, however, that waiver can be asserted against the Government, and further that the Government improperly relies on the standard for dismissing a claim, rather than for striking an affirmative defense.

Federal Rule of Civil Procedure 8(a) requires that "a party must affirmatively state any . . . affirmative defense." Rule 12(f) provides that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "Parties filing a motion to strike under Fed. R. Civ. P. 12(f) bear the burden of providing the Court any reason why this language is immaterial, impertinent, or scandalous. Although the Court enjoys broad discretion in determining whether to strike a party's pleadings, such an action is an extreme measure." *Morgan v. Avon Prods., Inc.*, Case No. 4:12CV399 (JCH), 2012 WL 3140437, at *2 (E.D. Mo. Aug. 1, 2012).

Defendants are correct that the affirmative defenses of waiver may be asserted against the Government. *See, e.g., United States ex rel. Zissler v. Regents of the Univ. of Minn.*, 992 F. Supp. 1097, 1112 (D. Minn. 1998) (holding that genuine issues of material fact exist regarding whether the government intended to waive its right to seek recovery).

The Eighth Circuit has not yet directly considered the question of whether *Twombly* should be applied to affirmative defenses under Rule 8(c), and, as the parties recognize, district courts have divergent views on the matter. This Court adopts and will follow the view expressed in another case from this district, *CitiMortgage, Inc. v. Draper & Kramer*

2

*Mortgage Corp.*, 4:10-cv-1784, FRB, 2012 WL 3984497, at *3 (E.D. Mo. Sep. 11, 2012) (noting that "[u]pon consideration of the divergent views on the matter, the undersigned finds the thorough reasoning set out in *Wells Fargo, Ash Grove and Bank of Beaver City* [750 F. Supp. 2d 1049 (D. Minn. 2010)] to be more persuasive and consistent with the intent of all aspects of Rule 8" and "[a]s such, to the extent plaintiff requests . . . affirmative defenses be stricken for failure to meet the heightened pleading requirements of . . . *Twombly* . . . , the request should be denied").

Accordingly,

**IT IS HEREBY ORDERED** that the Government's motion to strike certain affirmative defenses is **DENIED as moot** with respect to the affirmative defense of laches, and **DENIED** with respect to the affirmative defenses of waiver and estoppel.   (Doc. No. 245.)

**IT IS FURTHER ORDERED** that the affirmative defense of laches shall be deemed withdrawn against the government, per Defendants' agreement.

*[signature]*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 20th day of May, 2013.