**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ex rel. | ) | |
| HEALTH DIMENSIONS | ) | |
| REHABILITATION, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:12CV00848 AGF |
| | ) | |
| REHABCARE GROUP, INC.; | ) | |
| REHAB SYSTEMS OF MISSOURI; | ) | |
| HEALTH SYSTEMS, INC., and | ) | |
| REHABCARE GROUP EAST, INC.; | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the motion (Doc. No. 339) of the United States to compel Defendants RehabCare Sytems of Missouri, LLC, ("RSM") and Health Systems, Inc., ("HSI") (1) to compel supplemental responses to RSM Interrogatory 6 and HSI Interrogatory 5, by providing the principal facts in support of the defenses RSM and HSI intend to raise in this litigation; and (2) to compel a second deposition, pursuant to Federal Rule of Evidence 30(b)(6), of Scott Hinkle, or a deposition of another individual, on five identified topics (Topics 3, 4, 11, 18, and 19) on which the United States asserts Hinkle was unprepared at his deposition on May 3, 2013.[1]  For the reasons set forth below, this motion shall be denied as moot with respect to the interrogatory responses, and granted with

---

[1] In its reply, the United States withdrew that aspect of the motion that sought to compel a response to RSM Interrogatory 4.

respect to a second Rule 30(b)(6) deposition, limited to the five topics identified by the government, and limited to three hours.

## Responses to RSM Interrogatory 6 and HSI Interrogatory 5

Based upon the representation of RSM and HSI that they would provide the United States with the facts to support the affirmative defenses they intend to raise, this aspect of the motion to compel shall be denied as moot.   If the United States is not satisfied with the responses and feels it must file another motion to compel on the matter, it remains free to do so.

## Second Rule 30(b)(6) Deposition

A Rule 30(b)(6) deponent "does not give his personal opinion.   Rather, he presents the corporation's position on the topic.   The Rule 30(b)(6) deposition thus serves a unique function: it is a sworn corporate admission that is binding on the corporation.   A named entity may not take the position that its documents, responses to interrogatories, or other written discovery already produced is sufficient."   *CitiMortgage, Inc. v. Chicago Bancorp, Inc.*, No. 4:12–CV–00246 CDP, 2013 WL 3946116, at *1 (E.D. Mo. July 31, 2013) (citations omitted).   Once noticed of a Rule 30(b)(6) deposition, a designating entity has the duty to produce a knowledgeable witness; to prepare the witness to testify on matters not only known by the deponent, but those that should be reasonably known by the designating entity; and to substitute an appropriate deponent when it becomes apparent that the previous deponent is unable to respond to certain relevant areas of inquiry.   *Id.*

Here, upon review of the record, the Court will grant the motion of the United States to compel RSM and HSI to produce a suitably prepared witness with respect to the five

2

topics in question.   The deposition, which shall take place within 21 days of the date of this Order at a convenient time for all concerned, shall not exceed four hours.   The Court grants the request of the United States that RSM and HSI be required to pay costs and expenses related to the second Rule 30(b)(6) deposition, to the extent of $250.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that the motion of the United States to compel is **DENIED as moot** in part and **GRANTED** in part as set forth above.   (Doc. No. 339.)

_Audrey G. Fleissig_
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 14th day of August, 2013.

3