UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. ) <br> HEALTH DIMENSIONS ) <br> REHABILITATION, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> REHABCARE GROUP, INC.; ) <br> REHAB SYSTEMS OF MISSOURI; ) <br> HEALTH SYSTEMS, INC., and ) <br> REHABCARE GROUP EAST, INC.; ) <br> ) <br> Defendants. ) | Case No. 4:12CV00848 AGF |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion (Doc. No. 409 as limited by Doc. No. 459) of the United States for an order that two internal emails of Defendants Rehabcare Group, Inc., and RehabCare Group East, Inc. (jointly, "RehabCare") dated December 20, 2004, and April 29, 2003, authored by Kelly Phelps-Adam, are not protected by the attorney-client privilege, or that the privilege has been waived by the voluntary disclosure of the emails by RehabCare.  The United States argues that the emails, which reference a 2003 Advisory Opinion by the Office of the Inspector General about certain contractual joint ventures that are suspect under the Anti-kickback Statute, are not privileged because Phelps-Adam was a law school graduate but not a licensed attorney during her time with RehabCare, and that in any event, RehabCare waived any privilege by intentionally and

voluntarily producing the emails.  For the reasons set forth below, the motion of the United States shall be denied.

It is undisputed that at all relevant times, Phelps-Adam was not a member of any bar.  She testified by deposition that her role at RehabCare was to "organize and mainstream the contracts for the different divisions, as well as manage the outside counsel," so that if someone at RehabCare needed an opinion by outside counsel, he or she would go through Phelps-Adam, who would then keep record of such opinions.  In a deposition excerpt submitted by the United States, Phelps-Adam testified that she did not consider herself to be in-house counsel for RehabCare.  (Doc. No. 409-2).  But this excerpt presents a distorted picture of the evidence because in the same deposition, as excerpts provided by RehabCare show, she testified that she provided legal advice to RehabCare employees with respect to various matters, including the transaction at issue in this case and the Anti-Kickback Statute.  (Doc. No. 431-2.)  RehabCare has also presented deposition testimony of two of its employees, its president and a vice president, that they asked Phelps-Adam for legal advice based on their belief that she was an attorney.

RehabCare identified Phelps-Adam's title as "Assistant Vice President Contract Administration Management."  In turning over discovery material in 2009 and 2010, including thousands of internal emails from various people and several hundred emails from Phelps-Adam, RehabCare did not identify Phelps-Adam as an individual whose communications might fall under the attorney-client privilege, as it did with two other individuals.  (Doc. Nos. 409-4 and 409-5.)  Discovery proceeded pursuant to a Protective

2

Order that contained a claw-back provision for the inadvertent, unintentional disclosure of confidential information.

In March 2013, RehabCare served a privilege log asserting that among many other emails, 295 showing Phelps-Adam as the sender or recipient were subject to the parties' claw-back agreement. RehabCare expressed the view that internal Phelps-Adam communications were covered by the attorney-client privilege because employees at RehabCare knew she was a law school graduate and sought legal advice from her.

In opposition to the motion of the United States, RehabCare asserts that the facts show that RehabCare employees reasonably believed that Phelps-Adam was a licensed attorney, and with this understanding sought and obtained legal advice from her, entitling RehabCare to invoke the attorney-client privilege with respect to the emails in question.

The federal common law of attorney-client privilege applies to this case because the case is based on federal question jurisdiction. *See In re Grand Jury Subpoena Duces Tecum*, 112 F.3d 910, 915 (8th Cir. 1997); *Baranski v. United States*, No. 4:11–CV–123 CAS, 2012 WL 425007, at *3 (E.D. Mo. Feb. 9, 2012). Restatement (Third) of the Law Governing Lawyers § 72(1), cited by RehabCare, provides that "[a] communication is made for the purpose of obtaining or providing legal assistance . . . if it is made to or to assist a person . . . who is a lawyer or who the client or prospective client reasonably believes to be a lawyer . . . ." The Court concludes that on the facts of this case, communications with Phelps-Adam should be treated as communications with an attorney for purposes of the attorney-client privilege. *See Gucci Am., Inc. v. Guess?, Inc.*, No. 09 Civ. 4373(SAS), 2011 WL 9375, at *5-6 (S.D.N.Y. Jan. 3, 2011) (applying the "reasonable

3

belief" standard and rejecting the argument that a corporate client should be required to prove that it exercised due diligence in assessing whether the person was a licensed attorney).

The Court also rejects the argument of the United States that the claw-back provision was not properly invoked by RehabCare.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of the United States for an order that communications with Kelly Phelps-Adam are not protected by attorney-client privilege is **DENIED**. (Doc. No. 409.)

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 18th day of September, 2013.