UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. ) <br> HEALTH DIMENSIONS ) <br> REHABILITATION, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> REHABCARE GROUP, INC., ) <br> REHAB SYSTEMS OF MISSOURI, ) <br> HEALTH SYSTEMS, INC., and ) <br> REHABCARE GROUP EAST, INC., ) <br> ) <br> Defendants. ) | Case No. 4:12CV00848 AGF |

## MEMORANDUM AND ORDER

Based upon the parties' filings and the arguments made at the final pretrial conference in this case held on the record on September 17 and 18, 2013, and for the reasons stated at the pretrial conference, the Court sets forth the following rulings on the parties' motions in limine:

A. **Motions of RehabCare Group East, Inc. and Rehabcare Group, Inc. ("RehabCare")**

**Doc. No. 462**:   SEALED MOTION in Limine to Exclude Evidence and Innuendo of Allegedly Unnecessary Healthcare and Changes in Resource Utilization Group ("RUG") Distributions is **GRANTED in part and DENIED in part**.   Based on the discovery responses, Plaintiffs shall not be permitted to offer evidence or suggest that the therapy services were medically unnecessary, excessive, or harmful.   Plaintiffs shall be permitted to offer evidence of discussions related to the transaction regarding the potential

of increases in RUG rates, evidence of the increase in such rates, and discussions between RehabCare and RSM related thereto.   In light of Plaintiffs' discovery responses, Plaintiffs shall not be permitted to offer testimony from any witnesses that any such increases in RUG categories were unnecessary or unjustified.

**Doc. No. 463**:   SEALED MOTION in Limine to Exclude Testimony of Expert Mark Danielson.   RehabCare seeks to prevent Danielson from providing an opinion as to the profit allegedly realized by Rehab Systems of Missouri on its subcontract with RehabCare.   Counsel have not addressed this motion, and the Court shall reserve ruling pending brief argument by the parties.

**Doc. No. 464**:   SEALED MOTION in Limine to Exclude Evidence of RehabCare's Proposed 2003 Acquisition of RSM is **DENIED**.   For the reasons stated at the hearing, Defendants have not met their burden to establish that the probative value of this evidence is outweighed by any prejudicial impact. However, Plaintiffs may not characterize the 2006 transaction as "the same transaction," absent obtaining leave of court to do so.

**Doc. No. 465**: SEALED MOTION in Limine to Exclude Expert Testimony of Jeffrey Castle is **GRANTED in part and DENIED in part**.   The Court notes that Defendants Rehab Systems of Missouri ("RSM") and Health Systems, Inc. ("HSI") join in this motion.   As stated at the final pretrial conference and discussed further below, regarding Doc. No. 479, the Court finds more persuasive the case law upon which the United States relies for the proposition that in a False Claims Act case based on allegations of violations of the Anti-Kickback Statute ("AKS"), the Government may recover the full

2

amount billed for the therapy services that allegedly violated the Anti-Kickback Statute, and is neither limited to – nor required to present evidence of – the amount by which the amount billed exceeded the fair market value of the services provided. *See United States v. Rogan*, 517 F.3d 449, 453 (7th Cir. 2008). But this ruling does not extend so far as to permit damages based on the full amount of the Part A claims, in which the therapy services were included with other services, where, as here, no effort has been made reasonably to estimate the amount of such billings attributable to the therapy services.

Plaintiffs argue that it is impossible to break out the therapy services, because they are included with other services and charged per diem. They further contend that because Defendants knew that Part A was billed in this fashion, the Defendants – as wrongdoers – should bear the risk of having the entire claim counted as damages which the Government sustained. In support of this proposition, Plaintiffs cite *Bigelow v. RKO Radio Pictures*, 327 U.S. 251, 264-65 (1946), and *Story Parchment Co. v. Paterson Parchment Paper Co.*, 282 U.S. 555, 565-66 (1931). The Court in *Bigelow* found that the jury "may make a just and reasonable estimate of the damage based on relevant data." *Bigelow*, 327 U.S. at 264. And as between the two, "the wrongdoer shall bear the risk of the uncertainty which his own wrong has created." *Id.* at 265. The Court did not, however, suggest that a plaintiff is somehow relieved of its burden to make a reasonable estimate whenever it claims the defendant is a wrongdoer.

Nor does the Court accept the assertion of the United States that it is impossible to estimate the billings attributable to the therapy. To the contrary, there are numerous ways Plaintiffs could have estimated the parts attributable to the therapy services at issue, for

3

example, through application of formulas or by resort to RehabCare's billings, but Plaintiffs made no effort, whatsoever, to do so. Their suggestion that Defendants knew how the services would be billed to Medicare does not relieve them of their obligations as plaintiffs to provide at least a reasonable estimate of the damages. As such, the expert, Castle, shall not be permitted to offer the opinion that the full amount of the Part A billings represent the loss or damages under the FCA.

**Doc. No. 466**: SEALED MOTION in Limine Regarding Number of Allegedly False Claims. At the pretrial conference, the parties represented that they would attempt to reach an agreement on whether the number of claims, or what constitutes a claim, would be determined by the Court. As such, the Court shall defer ruling until such time as the parties advise the Court of any such agreement.

**Doc. No. 468**: MOTION in Limine Regarding Joint Defense Agreements is **GRANTED in part and DENIED in part**. For the reason stated in the opposition brief of the United States, the United States may establish the existence of any such agreement with parties to the agreement, as evidence of possible bias, but shall not be entitled to inquire into the terms or details of the agreement.

**Doc. No. 469**: MOTION in Limine to Exclude Advisory Opinions and Other Publications issued by the Office of the Inspector General ("OIG"). The Court is unable, based on the parties' filings, to make a determination of this issue. Before offering any such OIG opinions or publications, Plaintiffs shall first advise the Court of what it seeks to offer, and the purpose for which it is offered.

**Doc. No. 470**:   MOTION in Limine Regarding the source of funding for Medicare, the impact of this case on healthcare costs, or any reference to the expense of healthcare in the U.S. is **GRANTED in part and DENIED in part.**   Plaintiffs may explain how the Medicare program operates and the purpose of the AKS, but may not make arguments related to public funding from tax dollars or in any manner appeal to the jurors as taxpayers.

**Doc. No. 471**:   MOTION in Limine to Exclude Evidence of RehabCare's Annual Revenue is **GRANTED**.   Plaintiffs may seek leave of Court should they believe such evidence becomes relevant.

**Doc. No. 473**:   SEALED MOTION in Limine to Exclude Rebuttal Experts Mark Essling (CEO of Relator) and Kevin Besikoff (an accountant) from the United States' case in chief is **GRANTED in part** and **DENIED in part as moot**.   The portion of the motion relating to Besikoff is **DENIED as moot** in light of the parties' agreement that Plaintiffs will not offer Besikoff if Lewis, Defendants' expert, does not testify.   The portion of the motion related to Essling is **GRANTED**.   If Lewis does not testify, Essling may not offer opinion testimony or testimony based upon his specialized experience in the industry, as Essling was specifically designated as a rebuttal expert and Plaintiffs did not make timely the disclosures under Fed. R. Civ. P. 26(a)(2)(C).   Essling may, however, testify as a fact witness and relate the events and what steps he took in connection with the filing of the lawsuit.

B. **Motions of the United States and Relator**

**Doc. No. 409**:   SEALED MOTION for Order that Exhibit A and Other Documents Relating to Kelly Phelps-Adam are not Protected by Attorney-Client Privilege is **DENIED**, for the reasons stated in this Court's separate Order (Doc. No. 574).

**Doc. No. 477**:   SEALED MOTION in Limine No. 1 to Exclude Reference to Communications between RehabCare and its Counsel or in the Alternative, for a Finding of Waiver of Attorney-Client Privilege, is **GRANTED in part**.   In light of the position taken by Defendants during discovery, their objection to discovery related to discussions with counsel, and their statements to the Court that they are not relying on an advice of counsel defense, Defendants shall not be permitted to offer evidence that they discussed the 2006 transaction with counsel.   Defendants shall be permitted to testify that they did not intend to violate the relevant federal statutes, but shall not be permitted to testify that they "believed they were not violating the law" or "believed the transaction was lawful," as it would be manifestly unfair to permit Defendants to testify that they believed the transaction was legal while denying Plaintiffs the ability fairly to cross-examine Defendants or obtain discovery with respect to the basis of such belief.   Consistent with the proposal discussed by the Court at the pretrial conference, this ruling assumes and is contingent upon Plaintiffs not presenting evidence of communications between Defendants and their counsel in connection with the 2003 transaction.

**Doc. No. 478**:   SEALED MOTION in Limine No. 2 to Exclude Reference to Communications between RSM and HSI and its Counsel, or in the Alternative, for a

Finding of Waiver of Attorney-Client Privilege, is **GRANTED in part**, for the same reasons and to the same extent as the ruling on Doc. No. 477, above.

**Doc. No. 479**:   MOTION in Limine No. 3 Regarding Damages Calculation requesting that the Court decide as a matter of law that the proper measure of damages is the full amount of each tainted claim rather than the amount the United States would have paid had Defendants not engaged in kickbacks, and to prevent Defendants from arguing to the jury that damages should be reduced by the value of therapy services provided, is **GRANTED in part and DENIED in part**.

This Court adopts the reasoning of *United States v. Rogan*, 517 F.3d 449, 453 (7th Cir. 2008), and concludes that the proper measure of damages is the full amount of each tainted claim, rather than the amount the United States would have paid had Defendants not engaged in kickbacks.   As such, Defendants may not argue to the jury that damages should be reduced by the value of therapy services provided.   This ruling shall not preclude Defendants from eliciting testimony that the services were in fact provided.   As set forth above, with respect to Part A claims, the Court concludes the United States may only recover the portion of the billing attributable to the allegedly tainted therapy services or a reasonable approximation of the portion of the billing attributable to the therapy services provided.

**Doc. No. 480:** SEALED MOTION in Limine No. 4 to Exclude the Expert Testimony of Brian Hickman other than Opinion F.   Ruling is reserved pending brief argument by the parties.

**Doc. No. 481**: MOTION in Limine No. 5 to Exclude References to the Fact that the

Assistant United States Attorneys Prosecuting this Action are Based in Minnesota is **DENIED as moot** based upon the parties agreement to avoid reference to the duty station of the Assistant United States Attorneys involved in this case.

**Doc. No. 482**:   MOTION in Limine No. 6 to Exclude Argument as to any Burden of Proof other than a Preponderance of the Evidence is **GRANTED**, for the reasons stated in the motion of the United States.   When it amended the statute, Congress expressly provided in 31 U.S.C. § 3731(d) that proof be by a preponderance of the evidence.   The Court follows the rulings of the other trial courts that have applied this burden to FCA claims based on violations of the AKS.  *See United States v. Campbell*, No. 08-1951, 2011 WL 43013, at *5 (D.N.J. Jan. 4, 2011); *United States v. Rogan*, 459 F. Supp. 2d 697, 716 n.12 (N.D. Ill. Sept. 29, 2006) (noting "the criminality of predicate offenses in an underlying statute . . . does not mandate a higher burden of proof in a civil case").  *See also Sidema, S.P.R.L v. Imrex Co.*, 473 U.S. 479, 491 (1985) (applying preponderance standard in civil RICO case); *Fed. Crop Ins. Corp. v. Hester*, 765 F.2d 723, 727-28 (8th Cir. 1980) (applying preponderance standard prior to the amendment of the AKS to specify such a burden of proof).

**Doc. No. 483**:   SEALED MOTION in Limine No. 7 to Exclude References to the similar case Relator filed in May 2006 in the Eastern District of Pennsylvania, including the decision of the U.S. not to intervene therein is **GRANTED in part** and **DENIED in part**.   In the event that Mr. Essling testifies, he may be cross-examined with respect to the filing of the May 2006 case, the events that prompted the filing, and the amount of time that transpired between the time that he listened to a financial analyst and filed the May 2006

case, as these matters may be relevant to Essling's bias and credibility. Defendants are precluded, however, from referencing the decision of the United States to decline to intervene in the May 2006 case, to the length of time the cases were pending, or to any implication that the case was dismissed and filed again in another district as a result of the United States' initial decision not to intervene.

**Doc. No. 484**: MOTION in Limine No. 8 Regarding Defendants' Criminal Non-Prosecution in connection with any of the allegations in this case is **DENIED as moot** pursuant to the parties' agreement that no party will refer to the non-prosecution in the presence of the jury without first obtaining leave of Court to do so.

**Doc. No. 485**: MOTION in Limine No. 9 to Exclude any References to the Trebling of Damages or the Imposition of Civil Penalties is **DENIED as moo**t based upon the parties' agreement not to reference trebling of damages or the imposition of civil penalties in the presence of the jury without first obtaining leave of Court to do so.

**Doc. No. 486**: SEALED MOTION in Limine No. 10 to Exclude References to Discovery Sanctions is **DENIED as moot** based upon the parties' agreement not to reference discovery sanctions in the presence of the jury without first obtaining leave of Court to do so.

**Doc. No. 501**: SEALED MOTION to Enforce Trial Subpoenas of Mark Bogovich, Don Adam, and Kelly Phelps is **GRANTED**, for the reasons stated at the hearing on the motion to quash the subpoenas.

### C. Motions filed by HSI and RSM

**Doc. No. 488**:  SEALED MOTION in Limine to exclude deposition testimony of James Lincoln regarding answers provided by Tom Hudspeth is **DENIED**.  Based on the Court's review of the filings and the deposition testimony, Defendants have not rebutted the presumption that Hudspeth is competent to testify.  Further, the Court finds that Defendants agreed to waive any hearsay objections by the United States.  The Court will review with the parties more specific objections to designations and any counter-designations.

**Doc. No. 489**:  SEALED MOTION in Limine to exclude evidence of settlement negotiations, including the October 8, 2010 letter by defense counsel to the United States, as protected by Fed. R. Evid. 408.  The Court shall reserve ruling on this motion pending brief argument by the parties.

**Doc. No. 490**:  MOTION in Limine to exclude prejudicial testimony, namely, use of the term "whistleblower" and testimony regarding Lincoln's prior payday loan services business is **DENIED as moot** in light of the parties' agreement to refrain from the use of either term in the presence of the jury without first obtaining leave of Court to do so.

**Doc. No. 491**:  MOTION in Limine to exclude irrelevant argument and evidence on damages is **GRANTED in part** and **DENIED in part**, as set forth above with respect to Doc. No. 479.  The Court concludes that the proper measure of damages is the full amount of each tainted claim rather than the amount the United States would have paid had Defendants not engaged in kickbacks.  *United States. v. Rogan*, 517 F.3d 449, 453 (7th Cir. 2008).  With respect to the Part B component of the alleged loss, Defendants may not

argue to the jury that damages should be reduced by the value of therapy services provided. Plaintiffs may not argue to the jury that the Part A per diem is the full measure of its losses with respect to the Part A component, as Plaintiffs may only recover the portion attributable to the therapy services, or a reasonable approximation of same.

**Doc. No. 493**:   SEALED MOTION to exclude undisclosed witnesses who are on the United States' witness list: Amy Brokaw; Chris Kanagwa; Ellen Jeffery; Barbara Snell; Colleen Jones; Camille Cohen; an unidentified "Program Witness from Fiscal Intermediary"; and an unidentified "Program Witness from CMS" is **DENIED** with respect to Amy Brokaw pursuant to the parties' agreement that she be deposed prior to testifying.   The ruling on the remainder of the motion is **DEFERRED** pending argument by the parties.

**Doc. No. 494**:   MOTION in Limine to exclude reference to RehabCare's contemplated 2003 acquisition of RSM is **DENIED** as set forth above.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 23rd day of September, 2013.